UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL O'NEILL,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | No. 2:17-cv-0212 JAM AC P<br><br><br>ORDER |

    Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

1

| | |
|---|---|
| 1 | exceptional circumstances that would warrant a request for voluntary assistance of counsel. |
| 2 |     Plaintiff asserts that he requires the assistance of counsel based upon the fact that he is |
| 3 | legally blind which causes him to have trouble even when reading his own drafts. ECF No. 5 at |
| 4 | 1. Although plaintiff's limited eyesight may make pursuing this action difficult, it is not clear |
| 5 | that it requires the assistance of counsel as opposed to other assistance plaintiff may be able to |
| 6 | obtain at the prison. Furthermore, the court has yet to screen the complaint and is therefore |
| 7 | unable to assess plaintiff's likelihood of success on the merits or ability to articulate his claims at |
| 8 | this stage. |
| 9 |     Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of |
| 10 | counsel (ECF No. 5) is denied without prejudice. |
| 11 | DATED: September 28, 2017 |

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE