UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL O'NEILL,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | No. 2:17-cv-0212 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed a complaint and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed a motion to compel discovery. ECF No. 8. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.    <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 2. Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend that the complaint be summarily dismissed.

II.    <u>Complaint</u>

Plaintiff alleges various violations of his due process rights by Judges Wagner, Melikian, and Lassarow; district attorney Pizzuti; and defense attorney Dain Wiener in connection with a

1

state court criminal case. ECF No. 1. Specifically, he alleges that Judge Wagner, Melikian, and Lassarow refused to dismiss his case based on a violation of the Interstate Agreement on Detainers, denied his motion to dismiss defense counsel, would not let him speak except through counsel, and denied him presentence credits. Id. at 5-6, 8. Pizutti allegedly ignored requests for a speedy trial and obtained a governor's warrant by falsely stating that there were no other requests for extradition. Id. at 7. Finally, plaintiff asserts that Wiener did not provide a fair and impartial defense because he had a conflict of interest and he refused to file a file a petition for habeas review or appeal the denial of his motion to dismiss. Id. at 10. Plaintiff seeks monetary damages and to have his conviction overturned. Id. at 11.

III. Failure to State a Claim

A. Defendants Wagner, Melikian, and Lassarow

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-55 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)). A judge's jurisdiction is quite broad and its scope is determined by the two-part test articulated in Stump:

> The relevant cases demonstrate that the factors determining whether an act by a judge is a "judicial" one relate to [(1)] the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and [(2)] to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.

Id. at 362.

The alleged actions of defendants Wagner, Melikian, and Lassarow fall squarely within the scope of functions "normally performed by a judge" and were done while the defendants were acting as superior court judges. Defendants Wagner, Melikian, and Lassarow are therefore absolutely immune from liability under § 1983, and the claims against them must be dismissed without leave to amend.

B. <u>Defendant Pizzuti</u>

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge the initiation and presentation of criminal prosecutions. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. <u>Ashelman v. Pope</u>, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. <u>Id.</u> Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony, and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See <u>Stevens v. Rifkin</u>, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Since the alleged actions taken by Pizzuti were related to the initiation and presentation of the state's case, Pizzuti is immune from suit and the claims must be dismissed.

C. <u>Defendant Wiener</u>

It is not clear whether Wiener was a public defender or privately retained counsel when he represented plaintiff. However, it is immaterial because in either case he is an improper defendant under 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).

In this case, plaintiff's allegations against Wiener are based on his claims that Wiener was deficient in carrying out his duties as counsel. Because plaintiff's allegations are about Wiener's actions in representing him in a criminal case, if Wiener was a public defender he was not acting under color of state law. Similarly, if Wiener was privately retained counsel, he was also not acting under color of state law. This means that plaintiff cannot bring a claim against defendant

3

Wiener under § 1983. Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). For these reasons, the claims against defendant Wiener should be dismissed without leave to amend.

D. Jurisdiction

To the extent plaintiff may be trying to challenge his conviction and sentence, he may not do so in a § 1983 action and "habeas corpus is the appropriate remedy" for such claims. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016) (holding that habeas corpus is "available only for state prisoner claims that lie at the core of habeas (and is the exclusive remedy for such claims), while § 1983 is the exclusive remedy for state prisoner claims that do not lie at the core of habeas"). Accordingly, if plaintiff wants to challenge his conviction and sentence, he will need to do so in a petition for writ of habeas corpus after he has exhausted his state court remedies.

IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that amendment would be futile. The complaint should therefore be dismissed without leave to amend.

V. Plain Language Summary of this Order for a Pro Se Litigant

Your claims should be dismissed because even if they are true, the judges and prosecutor are immune from a civil suit and your defense attorney is not a proper defendant under § 1983. If

you want to challenge your conviction, you will need to file a habeas petition after you have exhausted your state court remedies.

In accordance with the above, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 2, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE